**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY NELSON III, Successor-in-Interest to Decedent ROY NELSON; ORENELL STEVENS, individually, | CASE NO.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983 and pendent tort claims) |
| vs. | JURY TRIAL DEMANDED |
| CITY OF HAYWARD, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Hayward, | |
| Defendants. | |

**INTRODUCTION**

1.      This case arises out of the December 19, 2015 wrongful death of Roy Nelson, who died in the custody of yet-to-be identified City of Hayward Police Department officers, after Mr. Nelson summoned emergency medical care during a mental health crisis. Shortly after Mr. Nelson contacted 911 for himself, yet-to-be-identified City of Hayward Police officers arrived at the home of Mr. Nelson's ex wife. For unknown reasons, the officers did not wait for an ambulance to transport Mr. Nelson for mental health evaluation but instead handcuffed him and placed him into the backseat of a patrol car. Mr. Nelson's relatives watched him voluntary leave the home in handcuffs, fully compliant with officers. While on the 1.7 mile drive to St. Rose hospital in Hayward, the Officers turned into a secluded parking lot, despite being barely a mile away from the hospital.  Without cause, the unidentified officers purportedly pulled Mr. Nelson out of the patrol car and placed the large man in a WRAP restraint device, which they later claim was due to Mr. Nelson trying to kick out the back window, a story that appears to be in stark contrast to Mr. Nelson's physical size, positioning in the car and lack of flexibility.

2.      Mr. Nelson purportedly became unresesponsive as a result of the officers' unnecessary use of the restraint device and the excessive amount of force that was used to place Decedent in the restraint.  At 3:10 a.m., more than 90 minutes after Mr. Nelson was taken away in handcuffs, he was admitted to St. Rose Hospital, where he was pronounced dead. The Nelson family has been continually denied answers regarding Mr. Nelson's death and why it took 90 or more minutes to travel the 1.7 miles to the hospital.

3.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Roy Nelson, who died as a result of the unlawful and/or negligent conduct by the City of Hayward Police Department.

**JURISDICTION**

4.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in Hayward, California, which is within the judicial district of this

Court.  This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

5.      Decedent ROY NELSON was an individual residing in the State of California. Decedent was unmarried and died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to ROY NELSON, this action is maintained by his Successor-in-Interest Roy Nelson III. Said Plaintiff is the only surviving child of ROY NELSON and the person with standing to bring this action.

6.      Plaintiff ROY NELSON III (hereinafter "Plaintiff Roy Nelson III"), is and was at all times herein mentioned the biological son of Decedent ROY NELSON. Plaintiff Nelson sues in his individual capacity and as the Successor-in-Interest to Decedent ROY NELSON.

7.      Plaintiff ORENELL STEVENS (hereinafter "Plaintiff Orenell Stevens"), is and was at all times herein mentioned the mother of Decedent ROY NELSON and a citizen of the United States. Plaintiff Orenell Stevens is acting in her individual capacity as the biological mother of Decedent ROY NELSON. ROY NELSON's biological father predeceased him.

8.      Defendant CITY OF HAYWARD (hereinafter "City") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the County operates the Hayward Police Department.

9.      Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs allege Defendants DOES 1 through 25, and each of them were negligent and deliberately indifferent to ROY NELSON's medical and mental health needs and safety, failed to take measures to get him medical help, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct.  Plaintiffs further allege that the DOE Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, including excessive and unwarranted force, in addition to the Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of ROY NELSON.

Plaintiffs will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff s will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

11.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiffs filed a claim against the City of Hayward on June 17, 2016. The claim was rejected by the City of Hayward on July 20, 2016.

## PRELIMINARY ALLEGATIONS

12. The City of Hayward is a public entity and is being sued under Title 42 U.S.C. § 1983 for Monell liability; 42 U.S.C. § 12132, for violations of the Americans with Disabilities Act; and under the theory of Respondeat Superior, for all actions taken by Defendant agents of the City of Hayward. Defendant DOES 1-25 are being sued under Title 42 U.S.C. § 1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. § 12132, for violations of the Americans with Disabilities Act;  in addition to violations of California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent ROY NELSON's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and acting within the course and scope of their employment and/or agency.

13.     Plaintiffs allege that the conduct of each defendant deprived Decedent ROY NELSON of his constitutional right to life and caused Decedent ROY NELSON  to suffer grievous harm and physical, psychological, and mental injuries prior to his death, and ultimately caused his death while he was in the custody of Defendants.

14.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

15.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

**FACTUAL ALLEGATIONS**

16. On December 19, 2015, at approximately 1:30 a.m., Decedent ROY NELSON was experiencing a mental health crisis, while at his ex wife, Ms. Patsy Nelson- Taft's home, located on Ironwood Court, in the City of Hayward, California.  Roy Nelson was suffering from schizophrenia and experiencing a mental health crisis. Mr. Nelson called 911 to summon medical care, in order to obtain mental health evaluation and treatment.

17.     Shortly thereafter, yet-to-be-identified Defendant City of Hayward Police officers arrived at the home. When the Officers contacted Mr. Nelson he was calm, cooperative and voluntarily allowed the officers to place him in handcuffs for transport to the nearby St. Rose Hospital, which was only 1.7 miles from Ms. Nelson-Taft's home. Plaintiffs are informed and believe and thereon allege that it is common police practice to summon emergency medical responders to provide transportation for "5150" mental health observations, in lieu of police officers being utilized for this type of medical transport. For unknown reasons, the officers did not wait for an ambulance

to transport Roy Nelson to the nearby hospital but instead handcuffed him and placed him in the backseat of a patrol car. Roy Nelson was then driven away without incident.

18.    While enroute to St. Rose hospital, the Officers turned into a secluded parking lot located at Chabot College, despite being only about one (1) mile from the hospital.  The Police Department claims that Mr. Nelson began kicking the back windows of the patrol car necessitating their need to take him out of the backseat and place the 350 lbs. man in a WRAP restraint device. This claim is belied by the fact it appears to be physically impossible for a 350 pound man to contort his body in such a way so as to kick the patrol car window while sitting handcuffed and seatbelted. The Department refuses to show the Nelson family dash, lapel or surveillance footage to corroborate their outlandish claims.

19.    As a result of the Officers' unnecessary restraint and excessive force, Mr. Nelson purportedly became unresesponsive.  At 2:45 a.m. ambulance personnel arrived at the Chabot College parking lot and began lifesaving measures. At 3:10 a.m., more than 90 minutes after Decedent ROY NELSON was taken away in handcuffs, he was admitted to St. Rose Hospital, where he was pronounced dead.

20.    Roy Nelson's death was proximately caused by the injuries he suffered at the hands of the Defendant City of Hayward Police Officers. The City of Hayward Police Department has failed to explain to the Nelson family what took place and why there is 90 minutes of time that has yet to be accounted for.

21.    Plaintiffs allege that each Defendant was on explicit notice that Mr. Nelson was in the midst of a medical emergency when they used excessive force while unreasonably placing him in a WRAP restraint device and failing to wait for an ambulance to transport Mr. Nelson. Plaintiffs further allege that a reasonable officer in Defendants' position would have clearly been on notice that Mr. Nelson did not pose a threat of harm to anyone at the time that he was needlessly and negligently placed in the WRAP restraint device.

22.    The actions and omissions of City and the DOE Defendant Hayward Police Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their

employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions.

23.     Plaintiffs are informed and believe and thereon allege that City and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

24.     Plaintiffs are informed and believe and thereon allege that members of the Hayward Police Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent, ROY NELSON.

25.     Plaintiffs are informed, believe and therein allege that City knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

26.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

27.     Before filing this action, Plaintiffs made requests for the investigatory records in relation to the death of Decedent ROY NELSON.  However, the City of Hayward refuses to release those records and refuses to identify the Defendant Officer DOES involved in the subject-incident.

## DAMAGES

28.     As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

29.     Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights.  Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

30.     Plaintiff Roy Nelson III is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

31.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

### FIRST CAUSE OF ACTION
**(42 U.S.C. section 1983)**
**(Survival Action:  Violation of Decedent's Civil Rights)**
**(Plaintiff Roy Nelson III, Successor-in- Interest to Decedent ROY NELSON against Defendants DOES 1-25)**

32.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the Plaintiff with respect to this claim if he had lived.

34.     Defendants individually and as peace officers deprived Decedent ROY NELSON of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     As a result, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which Plaintiffs are entitled to recover damages.

36.    As a result of the conduct of Defendants, individually and as peace officers, they are liable for Decedent's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

37.    Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

38.    The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship
(Plaintiffs Roy Nelson III, Successor-in- Interest to Decedent ROY NELSON; and
ORENELL STEVENS against Defendants DOES 1-25)**

39.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40.    As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)
(Plaintiffs ROY NELSON III, Successor-in- Interest to Decedent ROY NELSON against
Defendants City and DOES 26-50)**

41.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 40 of this Complaint.

42.     On information and belief Defendants' DOES 1-25 conduct, individually and as peace officers was ratified by City's police department supervisorial officers DOES 26-50.

43.     On information and belief, Defendants were not disciplined for the killing of Decedent ROY NELSON.

44.     On and for some time prior to December 19, 2015, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiffs and Decedent ROY NELSON of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent ROY NELSON, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.  Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive and deadly force;

b.  Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c.  Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

d.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

e.  By failing to discipline City Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

f.  By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

g.  By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

h.  By failing to properly investigate claims of unlawful detention and excessive force by City Police Officers.

45.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

46.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of

these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

47.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

48.   Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

49.   By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

50.   By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

51.   Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death- Negligence)
### (Plaintiffs ROY NELSON III, Successor-in- Interest to Decedent ROY NELSON against Defendants DOES 1-25)

52.   Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

53.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City, as set forth herein-above proximately caused the death of Decedent ROY NELSON.

54.     As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

55.     As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

56.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## FIFTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (Plaintiff ROY NELSON III, Successor-in- Interest to Decedent ROY NELSON against Defendants DOES 1-25)

57.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 56 of this Complaint.

58.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent ROY NELSON'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

59.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

60.     Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

61.     Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

62.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (Plaintiff ROY NELSON III, Successor-in- Interest to Decedent ROY NELSON against Defendants DOES 1-25)

63. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 62 of this complaint.

64. Defendant DOES 1-25 knew or had reason to know that Decedent was in need of immediate and acute mental health care, treatment, observation, monitoring, and supervision, once Decedent came into Defendants' custody for transport to the hospital due to his inability to care for himself and/or danger to himself.   Thereafter, it is unclear what prompted Defendants to cease providing medical transport and initiate force against an overtly mentally ill person, while approximately one (1) mile away from the hospital. Defendants, and each of them, failed to take reasonable action to provide Decedent proper mental health care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant CITY, knowing and/or having reason to know that Mr. Nelson was in need of medical/mental health care, failed to take reasonable action to provide Decedent access to such care medical/mental health care and treatment in violation of California Government Code § 845.6.

65. As legal cause of the aforementioned acts of all Defendants, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

## SEVENTH CAUSE OF ACTION

### (Violation of 42 U.S.C. section 12132)

### (Plaintiff ROY NELSON III, Successor-in- Interest to Decedent ROY NELSON against CITY and Defendants DOES 1-50)

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 of this complaint.

67. As against Defendant CITY, and/or DOES 26-50 in their capacity as official policy-maker(s) for the City of Hayward, Plaintiffs further alleges that said defendants failed to train, supervise, and or discipline Defendant DOES 1-25: in recognizing symptoms of disability under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Decedent Roy Nelson, from participating in or denying benefits and services provided by Defendant CITY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the use of force against Roy Nelson, during the course of the subject-incident, which ultimately resulted in his death.

68. As against Defendant DOES 1-25, at the time Defendant DOES 1-25 made contact with Decedent Roy Nelson they knew and/or had reason to know he was experiencing a mental crisis and were aware of Decedent disability and the symptoms and manifestations of Decedent recognized disability, and yet these Defendant DOES 1-25 decided to unlawfully transport and use a WRAP device on Decedent, further exacerbating his mental health crisis. In addition, these Defendant Officers failed to provide reasonable accommodations during their encounter and arrest of Decedent Nelson by failing to contact an emergency medical services provider to transport Decedent Nelson to the hospital, as opposed to handcuffing and placing Decedent Nelson in the back of a patrol car, prior to stopping in a parking lot for 90 minutes, during which time Mr. Nelson was purportedly placed in a WRAP device.

69. The aforementioned conduct of Defendant DOES 1-25, in failing to make reasonable accommodations for Decedent Nelson denied him the benefits of Defendant CITY OF HAYWARD'S programs and activities, and/or discriminated against Decedent Nelson by reason of his recognized disability

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

70.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages against Defendant DOES 1-25 in a sum according to proof;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.     For any and all statutory damages allowed by law;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.


**Law Offices of John L. Burris**


Dated:  December 19, 2016                     __/s/ John L. Burris____
                                              **John L. Burris**
                                              Attorneys for Plaintiffs
                                              ROY NELSON III, et al.