# NELSON V. CITY OF HAYWARD
## Case No. cv-07222-SK

Exhibit 12

```
 1  MICHAEL S. LAWSON (SBN 048172)
    City Attorney
 2  RAYMOND R. ROLLAN (SBN 304548)
    Deputy City Attorney
 3  CITY OF HAYWARD
    777 B Street, 4th Floor
 4  Hayward, CA 94541-5007
    Tel: (510) 583-4458
 5  Fax: (510) 583-3660

 6  Attorneys for Defendants
    The City of Hayward,
 7
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY NELSON III, successor-in-Interest to Decedent ROY NELSON; ORENELL STEVENS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HAYWARD, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Hayward<br><br>Defendants. | Case No: CV-07222-SK<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY: Plaintiff, ORENELL STEVENS

RESPONDING PARTY: Defendant, CITY OF HAYWARD

SET NUMBER: ONE

Defendant, CITY OF HAYWARD, responds to the Requests for Production, propounded herein by Plaintiff, ORENELL STEVENS. It should be noted that this Responding Party has not fully completed investigation of the facts related to this case, has not fully completed discovery in this action and has not completed preparation for trial. All of the answers contained herein are based only



Policy 300

**Hayward Police Department**
Policy Manual

# Use of Force

### 300.1  PURPOSE AND SCOPE
This policy provides guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every member of this Department is expected to use these guidelines to make such decisions in a professional, impartial and reasonable manner.

### 300.1.1  ACCREDITATION STANDARDS
This section pertains to the following CALEA Standards: 1.2.2, 1.3.1, 1.3.2, 1.3.4, 1.3.5, 1.3.6, 1.3.7, 1.3.8, 1.3.13, 52.2.7

### 300.1.2  DEFINITIONS
Definitions related to this policy include:

**Deadly Force** - Force reasonably anticipated and likely to cause serious injury or death.

**Serious Bodily Injury** - means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement. (Penal Code § 243(f)(4))

**Force** - The application of physical techniques or tactics, chemical agents or weapons to another person. It is not a use of force when a person allows him/herself to be searched, escorted, handcuffed or restrained.

**Reasonable Belief** - The facts or circumstances the officer knows, or should know, are such as to cause an ordinary and prudent person to act or think in a similar way under similar circumstances.

### 300.2  POLICY
The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied interactions and, when warranted, may use reasonable force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

The Department recognizes and respects the value of all human life and dignity without prejudice to anyone. Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation and a careful balancing of all interests.

As granted in Penal Code § 830.1, Officers are given the legal authority to carry and use weapons by this agency in the performance of their duties. In carrying and using weapons, officers must abide by Departmental policy as it relates to guidelines and parameters. Officers will be instructed and show proficiency in the use of all authorized lethal and less lethal weapons and

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1  - 000486

**Hayward Police Department**
Policy Manual

*Use of Force*

be knowledgeable of and issued copies of all relevant Departmental Use of Force policies before being authorized to carry lethal and less lethal weapons.

### 300.2.1 DUTY TO INTERCEDE

Any officer present and observing another officer using force that they believe is beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, intercede to prevent the use of unreasonable force. An officer who observes another employee use force that they believe exceeds the degree of force permitted by law shall promptly report these observations to a supervisor.

### 300.3 USE OF FORCE

Officers shall use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.

The reasonableness of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident.

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the tools, weapons or methods provided by the Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

### 300.3.1 USE OF FORCE TO EFFECT AN ARREST

Any peace officer may use reasonable force to effect an arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance on the part of the person being arrested; nor shall an officer be deemed the aggressor or lose his/her right to self-defense by the use of reasonable force to effect the arrest, prevent escape or to overcome resistance (Penal Code § 835).

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000487

# Hayward Police Department
Policy Manual

*Use of Force*

**300.3.2 FACTORS USED TO DETERMINE THE REASONABLENESS OF FORCE**
When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit. These factors may include, but are not limited to:

(a) Imminency and severity of the threat to the officer or others.

(b) The conduct of the individual being confronted, as reasonably perceived by the officer at the time.

(c) Officer/subject factors (age, size, relative strength, skill level, injuries sustained, level of exhaustion or fatigue, the number of officers available vs. subjects).

(d) The effects of drugs or alcohol.

(e) Subject's mental state or capacity.

(f) Proximity of weapons or dangerous improvised devices.

(g) The degree to which the subject has been effectively restrained and his/her ability to resist despite being restrained.

(h) The availability of other options and their possible effectiveness.

(i) Seriousness of the suspected offense or reason for contact with the individual.

(j) Training and experience of the officer.

(k) Potential for injury to officers, suspects and others.

(l) Whether the person appears to be resisting, attempting to evade arrest by flight or is attacking the officer.

(m) The risk and reasonably foreseeable consequences of escape.

(n) The apparent need for immediate control of the subject or a prompt resolution of the situation.

(o) Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or others.

(p) Prior contacts with the subject or awareness of any propensity for violence.

(q) Any other exigent circumstances.

**300.3.3 PAIN COMPLIANCE TECHNIQUES**
Pain compliance techniques may be effective in controlling a physically or actively resisting individual. Officers may only apply those pain compliance techniques for which they have successfully completed Department-approved training. Officers utilizing any pain compliance technique should consider:

(a) The degree to which the application of the technique may be controlled given the level of resistance.

Adoption Date: 2015/08/03      Respo
© 1995-2015 Lexipol, LLC

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000488

**Hayward Police Department**
Policy Manual

*Use of Force*

(b) Whether the person can comply with the direction or orders of the officer.

The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

### 300.3.4 CAROTID CONTROL HOLD

The proper application of the carotid control hold may be effective in restraining a violent or combative individual. However, due to the potential for injury, the use of the carotid control hold is subject to the following:

(a) The officer shall have successfully completed Department-approved training in the use and application of the carotid control hold.

(b) The carotid control hold may only be used when circumstances perceived by the officer at the time indicate that such application reasonably appears necessary to control a person in any of the following circumstances:

  1. The subject is violent or physically resisting.
  2. The subject, by words or actions, has demonstrated an intention to be violent and reasonably appears to have the potential to harm officers, him/herself or others.

(c) The application of a carotid control hold on the following individuals should generally be avoided unless the totality of the circumstances indicates that other available options reasonably appear ineffective, or would present a greater danger to the officer, the subject or others, and the officer reasonably believes that the need to control the individual outweighs the risk of applying a carotid control hold:

  1. Females who are known to be pregnant.
  2. Elderly individuals.
  3. Obvious juveniles.

(d) Any individual who has had the carotid control hold applied, regardless of whether he/she was rendered unconscious, shall be promptly examined by paramedics or other qualified medical personnel and should be monitored until examined by paramedics or other appropriate medical personnel.

(e) The officer shall inform any person receiving custody, or any person placed in a position of providing care, that the individual has been subjected to the carotid control hold and whether the subject lost consciousness as a result.

(f) Any officer attempting or applying the carotid control hold shall promptly notify a supervisor of the use or attempted use of such hold.

(g) The use or attempted use of the carotid control hold shall be thoroughly documented by the officer in any related reports.

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000489

**Hayward Police Department**
Policy Manual

*Use of Force*

### 300.4 DEADLY FORCE APPLICATIONS
Use of deadly force is justified in the following circumstances:

(a) An officer may use deadly force to protect him/herself or others from what he/she reasonably believes would be an imminent threat of death or serious bodily injury.

(b) An officer may use deadly force to stop a fleeing subject when the officer has probable cause to believe that the person has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious bodily injury or death, and the officer reasonably believes that there is an imminent risk of serious bodily injury or death to any other person if the subject is not immediately apprehended. Under such circumstances, a verbal warning should precede the use of deadly force, where feasible.

Imminent does not mean immediate or instantaneous. An imminent danger may exist even if the suspect is not at that very moment pointing a weapon at someone. For example, an imminent danger may exist if an officer reasonably believes any of the following:

1. The person has a weapon or is attempting to access one and it is reasonable to believe the person intends to use it against the officer or another.

2. The person is capable of causing serious bodily injury or death without a weapon and it is reasonable to believe the person intends to do so.

### 300.4.1 SHOOTING AT OR FROM MOVING VEHICLES
Shots fired at or from a moving vehicle are rarely effective. Officers should consider moving out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others.

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle.

### 300.4.2 WARNING AND OTHER SHOTS
Generally, warning shots or shots fired for the purpose of summoning aid are discouraged and may not be discharged unless the officer reasonably believes that they appear necessary, effective and reasonably safe.

### 300.4.3 DESTRUCTION OF ANIMALS
Officers are authorized to use firearms to stop an animal in circumstances where the animal reasonably appears to pose an imminent threat to human safety and alternative methods are not reasonably available or would likely be ineffective.

In circumstances in which officers have sufficient advance notice that a potentially dangerous animal may be encountered, officers should develop reasonable contingency plans for dealing with the animal (e.g., fire extinguisher, ECD, oleoresin capsicum (OC) spray, animal control officer). Nothing in this policy shall prohibit any officer from shooting a dangerous animal if circumstances reasonably dictate that a contingency plan has failed or becomes impractical.

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000490

**Hayward Police Department**
Policy Manual

*Use of Force*

### 300.4.4  INJURED ANIMALS
With the approval of a supervisor, an officer may euthanize an animal that is so badly injured that human compassion requires its removal from further suffering and where other dispositions are impractical (Penal Code § 597.1(e)). Injured animals (with the exception of dogs and cats) may only be euthanized after a reasonable search to locate the owner has been made (Penal Code § 597.1(b)). Injured dogs and cats found without their owners shall be taken to an appropriate veterinarian for determination of whether they should be treated or humanely destroyed.

### 300.5  REPORTING THE USE OF FORCE
Any reportable use of force by a member of this Department shall be documented promptly, completely and accurately in an appropriate report, depending on the nature of the incident. The officer should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances. To collect data for purposes of training, resource allocation, analysis and related purposes, the Department may require the completion of additional report forms, as specified in Department policy, procedure or law. All reportable use of force by a member of this Department shall be documented via photographic evidence, regardless of complaint of or visible injury. Both injured and uninjured areas shall be photographed in all cases of reportable use of force.

### 300.5.1  REPORTABLE USE OF FORCE DEFINED
Reportable uses of force will be properly documented and a supervisor will make a Blue Team entry in any of the following circumstances:

(a) The application caused a visible injury.
(b) The individual subjected to the force complained of injury or continuing pain.
(c) Any accidental or intentional discharge of a firearm, as described in section § 300.5.2.
(d) Any application or display of a CEW or control device.
(e) Any application of a carotid restraint.
(f) Any application of a restraint device other than handcuffs, shackles or belly chains.
(g) The individual subjected to the force was rendered unconscious.
(h) An individual was taken down, struck or kicked.
(i) An individual alleges any of the above has occurred.

Supervisory notification shall be made as soon as practical following the application of any reportable force.

### 300.5.2  REPORT OF ACCIDENTAL OR UNINTENATIONAL WEAPON DISCHARGE
Any member who discharges their weapon accidentally or unintentionally on or off-duty, shall make a verbal report to the on-duty Watch Commander or supervisor as soon as circumstances permit and shall file a written report with their Division Commander prior to the end of shift if on-duty and if off-duty, as directed by the Watch Commander or supervisor. This written report

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000491

**Hayward Police Department**
Policy Manual

*Use of Force*

shall be in the form of a memorandum to the employee's Division Commander through their chain of command. The employee's supervisor will investigate the incident in accordance with Policy Manual § 1020 and forward a written memorandum to the employee's Division Commander. A Use of Force Review may convene, as described in section § 300.8. This section shall only apply to discharges where no person is injured.

### 300.6 MEDICAL CONSIDERATION

Prior to booking or release, medical assistance shall be obtained for any person who exhibits signs of physical distress, who has sustained visible injury, expresses a complaint of injury or continuing pain, or who was rendered unconscious. Any individual exhibiting signs of physical distress after an encounter should be continuously monitored until he/she can be medically assessed.

Based upon the officer's initial assessment of the nature and extent of the subject's injuries, medical assistance may consist of examination by fire personnel, paramedics, hospital staff or medical staff at the jail. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, whenever practicable, should be witnessed by another officer and/or medical personnel. If a recording is made of the contact or an interview with the individual, any refusal should be included in the recording, if possible.

The on-scene supervisor, or if not available, the primary handling officer shall ensure that any person providing medical care or receiving custody of a person following any use of force is informed that the person was subjected to force. This notification shall include a description of the force used and any other circumstances the officer reasonably believes would be potential safety or medical risks to the subject (e.g., prolonged struggle, extreme agitation, impaired respiration).

Persons who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics and imperviousness to pain (sometimes called "excited delirium"), or who require a protracted physical encounter with multiple officers to be brought under control, may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies. Officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable and have medical personnel stage away if appropriate.

### 300.7 SUPERVISOR RESPONSIBILITY

When a supervisor is able to respond to an incident in which there has been a reported application of force, the supervisor is expected to:

(a) Obtain the basic facts from the involved officers. Absent an allegation of misconduct or excessive force, this will be considered a routine contact in the normal course of duties.

(b) Ensure that any injured parties are examined and treated.

(c) In all cases of reportable use of force, supervisors shall ensure that photographs are taken of both injured and uninjured areas. In cases where initial medical assessment has been completed or first aid has been rendered, ensure that photographs have been taken of any

**Hayward Police Department**
Policy Manual

## Use of Force

areas involving visible injury or complaint of pain, as well as overall photographs of uninjured areas. In cases where there is no complaint of or visible injury, photographs shall still be taken of uninjured areas of the suspect. These photographs should be retained until all potential for civil litigation has expired.

(d) Identify any witnesses not already included in related reports.

(e) Review and approve all related reports.

(f) Determine if there is any indication that the subject may pursue civil litigation, the supervisor should complete and route a notification of a potential claim through the chain of command.

(g) Evaluate the circumstances surrounding the incident and initiate an administrative investigation if there is a question of policy non-compliance or if for any reason further investigation may be appropriate.

In the event that a supervisor is unable to respond to the scene of an incident involving the reported use of force, the supervisor is still expected to complete as many of the above items as circumstances permit.

### 300.7.1 WATCH COMMANDER RESPONSIBILITY
The Watch Commander shall review each use of force by any personnel within his/her command to ensure compliance with this policy and to address any training issues.

### 300.7.2 ADMINISTRATIVE LEAVE PENDING REVIEW
In the event the application of force or other employee action(s) result in serious bodily injury or death, the employee(s) directly involved may be given paid administrative leave and it shall be the responsibility of the Watch Commander to make schedule adjustments to accommodate such leave. The Chief of Police or Division Commander of the affected employee(s) will determine the appropriateness and duration of mandatory administrative leave, based upon the findings of the preliminary criminal/administrative investigation and the recommendation of the psychotherapist regarding the officer's readiness for field assignment. Generally, the length of administrative leave shall not exceed the time remaining in the employee's current scheduled work week. An employee may request additional administrative leave time subject to approval of the Chief of Police or affected Division Commander(s), based upon information provided to establish the need to grant the request.

The officer(s), upon being placed on administrative leave, will automatically be temporarily assigned to the Personnel and Training Administrator for the duration of the administrative leave.

During this time, the officer(s) shall maintain regular contact with the Personnel and Training Administrator. Regular contact will consist of once per week, unless other arrangements are approved or requested by the affected Division Commander(s). While the employee is off, their payroll hours will revert to Monday through Friday, 8:00 am to 4:00 pm. Each employee will also be expected to remain available to the Department by phone during those hours.

---

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000493

**Hayward Police Department**
Policy Manual

*Use of Force*

If an employee has been on administrative leave for six months or longer, that employee must report to the Personnel and Training Office to ensure all policy and/or training mandates and weapons qualifications have been met prior to returning to full duty.

### 300.8 TRAINING
Officers will receive periodic training on this policy and demonstrate their knowledge and understanding.

### 300.9 USE OF FORCE REVIEW
The Hayward Police Department objectively reviews and evaluates all reportable uses of force.

### 300.9.1 USE OF DEADLY FORCE REVIEW
The Hayward Police Department will convene an in-house panel to review all reportable uses of deadly force by an employee, whether on-duty or off-duty, that results in injury or death to a person.

The panel also reviews the circumstances surrounding all field related accidental or intentional discharges of firearms whether the employee is on-duty or off-duty.

The review shall be based upon those facts which were reasonably believed by the officer at the time of the incident, applying legal requirements, Department policy and procedures, and approved training to those facts. Facts later discovered but unknown to the officer at the time, can neither justify nor call into question an officer's decision regarding use of force.

The panel shall be comprised of the following members:

(a) Members of Command Staff.

(b) At least one Hayward Police Department use of force instructor.

(c) At the request of the involved employee, a representative of the employee's bargaining unit.

(d) Any other persons deemed appropriate by the Chief of Police.

The Commander of the Division of the involved employee shall serve as the chairperson of the panel.

The panel's findings shall be by consensus and is limited to a determination of whether the use of deadly force was within Departmental policy and procedure or in violation of Departmental policy and procedure.

The panel chairperson shall forward the findings of the panel to the Chief of Police for review.

### 300.9.2 USE OF NON-DEADLY FORCE REVIEW
The Hayward Police Department reviews all reportable uses of non-deadly force by employees of the Department. The review process is as follows:

(a) Reviewing supervisors are to ensure that all reportable uses of non-deadly force are described thoroughly, completely, and accurately in the police report and supplemental reports that document the incident.

---

Adoption Date: 2015/08/03
© 1995-2015 Lexipol, LLC

NELSON v. CITY OF HAYWARD - COH's
Use of Force - 78

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000494

**Hayward Police Department**
Policy Manual

*Use of Force*

(b) The reviewing supervisor shall complete a Blue Team Use of Force entry based on the information contained in the police reports, including, but not limited to, the names of the employee(s) involved, the names of the person(s) who force was used on, the resistance offered or employed by the resisting person(s), the reason for the use of force, the type of force used and whether or not the force used was effective in overcoming the resistance presented, injuries sustained by any party, the location, date, time, and report number assigned to the incident.

   1. If, in the opinion of the reviewing supervisor the use of force was reasonably necessary given the facts and circumstances, the Blue Team entry will be forwarded to their manager.

   2. If, in the opinion of the reviewing supervisor the use of force was not reasonably necessary given the facts and circumstances, the reviewing supervisor shall forward the reports to the appropriate manager for review and any necessary action.

(c) The reviewing supervisor shall forward the completed Blue Team entry to their manager who shall compare the Blue Team entry with the police reports to ensure that all items are accurately reported.

   1. If, in the opinion of the reviewing manager, the Blue Team entry is complete and the use of force was reasonably necessary given the facts and circumstances, the Blue Team entry will be forwarded to the Internal Affairs Unit.

   2. If, in the opinion the reviewing manager, the force used was not reasonably necessary given the facts and circumstances, the reviewing manager shall forward the reports to the appropriate Division Commander for review and any necessary action.

(d) Once received by the Internal Affairs Unit, the Blue Team entry and the police reports will be reviewed and if the force was reasonably necessary given the facts and circumstances, the incident will be designated "within policy" and closed.

   1. If, upon review by the Internal Affairs Unit, there is a question as to the reasonableness of the force used, the reports will be forwarded to the appropriate Division Commander for review and any necessary action.

### 300.10 ADMINISTRATIVE REVIEW

All reported applications of force shall be documented and reviewed according to the procedures developed by the Internal Affairs Unit under the direction of the Chief of Police. The Internal Affairs Unit Lieutenant is responsible to provide an annual report and analysis of use of force to the Chief of Police during the month of January for the preceding calendar year.

### 300.11 REVISIONS

Enacted: December 17, 2007

Revised: August 19, 2008

Adoption Date: 2015/08/03
© 1995-2015 Lexipol, LLC

NELSON v. CITY OF HAYWARD - COH's
Response to Nelson's RFPDS1 - 000495

**Hayward Police Department**
Policy Manual

*Use of Force*

Revised: February 18, 2009
Revised: May 9, 2009
Revised: July 31, 2009
Revised: February 7, 2010
Revised: April 27, 2010
Revised: August 13, 2010
Revised: March 16, 2011
Revised: April 25, 2012
Revised: April 9, 2013
Revised: July 9, 2013
Revised: April 22, 2014
Revised: August 1, 2014

Adoption Date: 2015/08/03
© 1995-2015 Lexipol, LLC

**RESPONSE TO REQUEST NO. 31:**

Objection(s): Defendant objects on the grounds that the demand seeks documents that may include confidential police department internal investigation material and/or police officer personnel files. Therefore, defendant objects to this request on the grounds that it seeks information and/or material which are privileged pursuant to Federal Rules of Evidence 501, the Federal Common Law Privilege for official information and "self critical analysis", the physician-patient privilege, psychotherapist-patient privilege, the right of privacy under Federal and California law, and pursuant to California Penal Code Sections 832.5, 832.7, and California Evidence Code Sections 1040 *et seq*. Defendant further objects on the ground that the request seeks information and/or materials which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant also objects on the grounds that the demand is overbroad and unduly burdensome. Plaintiff's request also seeks privileged records defendant will only produce subject to a Stipulation for Protection of Documents and Protective Order, or subject to an in camera review of said records by the Court.

Dated: July 18, 2017                                   MICHAEL LAWSON, City Attorney


By: *[signature]*

_____
Raymond R. Rollan, Deputy City Attorney,
Attorneys for Defendants City of Hayward,

| | |
|---|---|
| 1 | MICHAEL S. LAWSON (SBN 048172) |
|   | City Attorney |
| 2 | RAYMOND R. ROLLAN (SBN 304548) |
|   | Deputy City Attorney |
| 3 | CITY OF HAYWARD |
|   | 777 B Street, 4th Floor |
| 4 | Hayward, CA 94541-5007 |
|   | Tel: (510) 583-4458 |
| 5 | Fax: (510) 583-3660 |
| 6 | Attorneys for Defendants |
|   | The City of Hayward, |
| 7 | |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY NELSON III, successor-in-Interest to Decedent ROY NELSON; ORENELL STEVENS, individually, | **Case No: CV-07222-SK** |
| Plaintiffs, | **PROOF OF SERVICE** |
| v. | |
| CITY OF HAYWARD, a municipal corporation; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the City of Hayward | |
| Defendants. | |

Proof of Service

## PROOF OF SERVICE

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 777 B Street, 4th Floor, Hayward, California 94541-5007.

On July 18, 2017, I served the document(s) described as:

- **DEFENDANT'S RESPONSE TO PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF ORENELL STEVENS**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

JOHN L. BURRIS, Esq.
ADANTÉ D. POINTER Esq.
MELISSA C. NOLD, Esq.
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621

[X]   (BY U.S. MAIL) I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence will be enclosed in a sealed envelope with postage fully prepaid and deposited with the U.S. Postal Service on the date herein above in the ordinary course of business at Hayward, California.

[ ]   (STATE) Under the laws of the State of California.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bars of this Court at whose direction the service was made

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on July 18, 2017, at Hayward, California.

_____
Morgan Cahee

Proof of Service