...

MICHAEL S. LAWSON (SBN 048172)
City Attorney
JOSEPH E. BRICK (SBN 253132)
Assistant City Attorney
CITY OF HAYWARD
777 B Street, 4th Floor
Hayward, CA 94541-5007
Tel: (510) 583-4450
Fax: (510) 583-3660
Michael.Lawson@Hayward–ca.gov  Joseph.Brick@Hayward-ca.gov

Attorneys for Defendants
City of Hayward, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| ROY NELSON III, successor-in-Interest to Decedent ROY NELSON; ORNELL STEVENS, individually,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HAYWARD, et al.,<br><br>Defendants. | CASE NO.: CV-07222-SK<br><br>*[Assigned for All Purposes to Hon. Sallie Kim, Courtroom C, 15th flr.]*<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND OTHER RELIEF RE: PRE-TRIAL PUBLICITY**<br><br>*[Filed concurrently with Proposed Order; Decl. of Joseph Brick]*<br><br>HEARING DATE: July 29, 2019<br>TIME: 9:30am<br>DEPT: United States District Court, S.F. Division Courtroom C, 15th Floor<br><br>CASE FILED: December 19, 2016<br>TRIAL DATE: October 21, 2019 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 29, 2019, at 9:30 a.m., or soon thereafter as the matter may be heard in Courtroom C of the above-entitled Court, located at 450 Golden Gate Ave., San

Francisco, California, defendants City of Hayward and Officers Hall, Shannon, McCrea, Padavana, and McKee (hereinafter "Defendants"), will move this Court to issue an order:

- Requiring Plaintiffs' Attorneys to immediately cease making public comments regarding this case to the media in violation of California Rules of Court, Rule 3.6;
- Requiring Plaintiffs' Attorneys to immediately cease providing confidential records to the media in violation of this Court's stipulated protective order;
- Allowing the jury questionnaire in this case to include substantial questions relating to the potential jurors' exposure to pretrial media and statements;
- Granting the defendants two additional preemptory challenges in the trial of this matter; and
- Granting any other relief, the Court deems appropriate.

This Motion is based upon this Notice of Motion and the attached Memorandum of Points and Authorities filed herein, the pleadings and papers on file herein, the Declaration of Joseph Brick filed in Support, and any such other evidence as may be introduced at the time of hearing.

DATED: June 6, 2019                          MICHAEL S. LAWSON, City Attorney

                                    By:          /s/ Joseph Brick
                                          Joseph E. Brick, Assistant City Attorney
                                          Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' Counsel is attempting to improperly try this case in the media. An immediate order is necessary to preclude Plaintiffs' ploys for pre-trial publicity from further biasing the jury pool.

## II.

## PRE-TRIAL PUBLICITY

With a mere four months until trial, Plaintiffs' Attorneys have made several extrajudicial statements to the media in an attempt to improperly prejudice the jury pool and try this case in the court of public opinion. Attorneys are prohibited from engaging in Pre-Trial publicity under both Federal and California law. Northern District Civil L.R. 11-4, Standards of Professional Conduct, states in pertinent part:

> (a) Duties and Responsibilities. Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must:
>
> (1) Be familiar and comply with the standards of professional conduct required of members of the State Bar of California;
>
> (2) Comply with the Local Rules of this Court;
>
> (3) Maintain respect due to courts of justice and judicial officers;
>
> (4) Practice with the honesty, care, and decorum required for the fair and efficient administration of justice…

California Rules of Professional Conduct, Rule 3.6 (a) states: "A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will (i) be disseminated by means of public communication and (ii) have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." Thus, an attorney representing a client in Federal Court is prohibited from making extrajudicial statements that the lawyer should know will be made public and that will have a substantial likelihood of materially prejudicing the Federal Court proceedings.

Plaintiffs' Counsel in the instant action made several extrajudicial statements that the involved attorneys should have known were to be disseminated publicly and have a substantial likelihood of materially prejudicing the present proceedings. On May 23, 2019, the Mercury News published a story in which Melissa Nold, one of Plaintiffs' listed attorneys, was extensively cited. (Brick Decl. Exhibit 1). It is beyond debate that making statements to a local newspaper will result in the public dissemination of any statement provided. Moreover, any attorney should know that making the statements Ms. Nold provided would have a substantial likelihood of materially prejudicing the trial in this matter as they were made just five months before trial.

These statements included that the body worn camera footage was "easily one of the most disturbing things I've ever seen on video." (Brick Decl. Ex. 1 at pg. 2). Clearly an attorney would not be able to make this statement to a jury in trial as it asserts the attorney's personal opinion as to a fact in issue. Cal. Rules of Professional Conduct, Rule 3.4(g) states that a lawyer shall not: "in trial, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the guilt or innocence of an accused." Ms. Nold's statement to the newspaper reporter would be prohibited at trial as it is a personal opinion as to the main issue in the case. As such, it cannot be interpreted as anything other than an attempt to prejudice the jury pool in this case.

Additionally, Ms. Nold is reported to have stated, "This was a strictly medical call, not a situation where he was accused of a crime. They were there to facilitate a mental health call, and how he could end up deceased when he's clearly not resisting is beyond me." (Brick Decl., Ex. 1 at pg. 3, ¶1). And finally, she was quoted as stating "When a large-sixed person is facing down on the ground, putting weight on their back can kill them. This is something police have been warned not to do for years." (Brick Decl., Ex. 1 at pg. 3 ¶1). These statements all reflect Ms. Nold's personal knowledge and belief as to the main facts at issue in this case.[1] Again, she would not be allowed to make these statements at trial and should not be allowed to prejudice the jury pool by making these statements to the local press.

---

[1] Ms. Nold has also taken to making inflammatory and harassing public comments directly to the Hayward City Council, a represented party in this matter. A recording of the June 4, 2019 hearing which is broadcast on local cable is available at:
http://hayward.granicus.com/MediaPlayer.php?view_id=1&clip_id=640&meta_id=79521 Ms. Nold's statements relating to this case are at time stamp: 1:22:38.

On June 3, 2019, a mere four months before trial, Plaintiffs' Attorney Adante Pointer made several improper statements to Channel 2 news. Primarily, Mr. Pointer is quoted as stating, "This is the West Coast Eric Garner case." (Brick Decl., Ex. 2 at pg. 2). Mr. Pointer should have known that this statement to the media would be made public and that will have a substantial likelihood of materially prejudicing the Federal Court proceedings. The statement conflates two civil rights cases in the eyes of potential jurors across the Bay Area. Furthermore, it attempts to capture the anger and national movement associated with the Garner case and channel it to the instant case in an effort to gain a trial advantage. With only four months until trial, this could only be interpreted as an effort to inflame potential jurors and bias them against the Defendants. This statement violates Civil L.R. 11 and California Rules of Professional Conduct, Rule 3.6 (a).

Mr. Pointer also went on to state to Channel 2 news that "Mr. Nelson literally said I cannot breathe. And the officer ignored his pleas." This opinion directly goes to the facts at issue in the trial and bias the jury in violation of California Rules of Professional Conduct, Rule 3.4. Similarly, Rule 3.4 is violated by the statement, "Just because you have a mental health issue, just because you have used some narcotics doesn't give police the right to kill you." This opinion is essentially instructing every potential juror on how to interpret the evidence in the upcoming trial.

With these pervasive extrajudicial statements to the press, the Defendants are forced to bring this to the Court's attention. These attempts at biasing the jury pool four months before trial must be addressed. If they persist, a motion to change venue, continue trial, and sanctions will be necessary. For now, the Defendants request that this court issue an order restricting Plaintiffs' Attorneys from making statements to the press. Additionally, to address the prejudice already created by this improper pre-trial publicity, the Defendants request that they be allotted two additional preemptory challenges and that the jury questionnaire include extensive questions designed to exclude jurors who where exposed to this pre-trial publicity. *See Skilling v. United States*, 561 U.S. 358 (2010).

## III.

## PLAINTIFFS VIOLATED THE COURT'S PROTECTIVE ORDER BY LEAKING CONFIDENTIAL MATERIAL TO THE MEDIA

Plaintiffs' Counsel should be ordered to stop violating the Court's Order approving the Stipulated Protective Order. (Dkt. 30). Under the Stipulated Protective Order, Plaintiffs had a duty to keep items produced and labeled "Confidential" private. (Dkt. 30 at pg. 7:15-8:21). Additionally, Plaintiffs had the duty to not disclose summaries to third parties of items marked confidential. (Dkt. 30 at pg. 3:13-17). Both the internal affairs investigations and the body worn camera videos were marked confidential. (Brick Decl. at Ex 3). Yet. in the June 3, 2019 Channel 2 news article Mr. Pointer was cited as the source of a summary of the internal affairs investigations. (Brick Decl., Ex. 2 at pg.3 ¶ 1). Additionally, that same article included the body camera videos with the attribution that the videos were provided to the media by "John Burris Law Firm". (Brick Decl., Ex. 4). These two violations of the Stipulated Protective Order demonstrate a concerted effort to bias the jury pool at any cost. Accordingly, the Defendants request that Plaintiffs' Counsel be ordered to abide by the Stipulated Protective Order and not to produce any confidential information to any third party including the media.

## IV.

## CONCLUSION

Accordingly, Defendants request that the Court issue an order:

- Requiring Plaintiffs' Attorneys to immediately cease making public comments regarding this case to the media in violation of California Rules of Court, Rule 3.6;
- Requiring Plaintiffs' Attorneys to immediately cease providing confidential records to the media in violation of this Court's stipulated protective order;
- Allowing the jury questionnaire in this case to include substantial questions relating to the potential jurors' exposure to pretrial media and statements;
- Granting the defendants two additional preemptory challenges in the trial of this matter; and
- Granting any other relief, the Court deems appropriate.

1
2 DATED: June 6, 2019               MICHAEL S. LAWSON, City Attorney
3                          By:           /s/ Joseph Brick
4                                Joseph E. Brick, Assistant City Attorney
                                 Attorneys for Defendants
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28